IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CR-23-FL
No. 7:13-CV-104-FL

| | |
|---|---|
| PERNELL HOOPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This cause comes before the Court upon Petitioner Pernell Hooper's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("motion to vacate").[1] DE-29. The government seeks dismissal, or in the alternative, summary judgment. DE-34. Petitioner filed a response, DE-37, and the government replied. DE-38. Accordingly, the matter is ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. For the reasons set forth herein, it is RECOMMENDED that Petitioner's motion to vacate (DE-29, 32) be DENIED, and that the Government's motion to dismiss (DE-34) be GRANTED.

## I. BACKGROUND

Petitioner was indicted on February 28, 2012 on five charges stemming from social security fraud from 2007 through 2011. DE-1. On May 16, 2012, he pled guilty to theft of government property, in violation of 18 U.S.C. § 641 (Count Two), and aggravated identity theft,

---

[1] Petitioner filed an amended motion to vacate pursuant to this Court's directive. DE-32. The undersigned has considered arguments included in both the corrected and the original motion.

in violation of 18 U.S.C. § 1028A (Count Three), pursuant to a written plea agreement. DE-15, 17. The plea agreement included an appeal waiver, stating that Petitioner agreed to:

> waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Plea Agreement, DE-17 at ¶ 2(c). Petitioner also agreed to "make restitution to the Social Security Administration in the amount of $ 97,345.00." *Id.* ¶ 2(b). For its part, the government agreed to dismiss Counts One, Four, and Five of the indictment. *Id.* ¶ 4; *see also* DE-1.

Petitioner was sentenced on August 9, 2012 to a total term of imprisonment of 29 months: 5 months on Count Two and 24 months consecutive on Count Three, along with an additional 5 month term of home confinement. DE-27. The Court also, pursuant to the plea agreement, entered an order of forfeiture in the amount of $ 97,345.00. DE-24. Petitioner did not appeal his conviction or sentence to the Fourth Circuit, but filed the instant motion to vacate on May 14, 2013.

## II. LEGAL STANDARDS

### A. Summary Judgment

The government has filed a motion to dismiss, or in the alternative, for summary judgment. Because the undersigned will nominally consider materials attached by Petitioner and the government to their filings, summary judgment is the appropriate vehicle for disposition of this matter. *See* Fed. R. Civ. P. 12(d). Summary judgment is appropriate where "the movant

2

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986) (holding that a factual dispute is "material" only if it might affect the outcome of the suit and "genuine" only if there is sufficient evidence for a reasonable jury to find for the non-moving party). The party seeking summary judgment bears the initial burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate with specific evidence that there exists a genuine issue of material fact requiring trial. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

Summary judgment is not a vehicle for the court to weigh the evidence and determine the truth of the matter, but to determine whether a genuine issue exists for trial. *Anderson*, 477 U.S. at 249. In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 247–48. Accordingly, the court must examine the materiality and the genuineness of the alleged fact issues in ruling on such motion. *Id*. at 248–49.

"A document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002). Nonetheless,

> [w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them' . . . . The 'special judicial solicitude' with which a district court should view such pro se complaints does not transformer the

3

court into an advocate. Only those questions which are squarely presented
to a court may properly be addressed.

*Weller v. Dep't of Soc. Services for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986)).

    B.    <u>28 U.S.C. § 2255</u>

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on the petitioner to establish his claim by a preponderance of the evidence. *See, e.g., Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 WL 4484447 at *5 (E.D.N.C. Oct. 25, 2010) (same).

In reviewing a section 2255 motion to vacate, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); *see United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

    C.    <u>Effect of Petitioner's Guilty Plea</u>

A valid guilty plea constitutes admission of the material elements of the crime. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). The sworn representations made by a criminal defendant at plea proceedings "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral proceedings." *Blackledge v. Allison*, 431

4

U.S. 63, 74 (1977). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In *Tollett*, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court observed that "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id*. at 266–67. Thus, in a collateral attack, a petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. *Id*.

Notably, statements made by a defendant during a hearing to accept a guilty plea are presumed to be truthful, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed. *United States v. Lemaster,* 403 F.3d 216, 221 (4th Cir. 2005). Accordingly, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.' " *Id.* at 221–22 (citation omitted).

      D.    <u>Ineffective Assistance of Counsel</u>

To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. *Strickland v. Washington*, 466 U.S. 668, 686–87 (1984). First, a petitioner must show that the representation he or she received fell below an objective standard of reasonableness. *Id*. at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id*. at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the

5

wide range of reasonable professional assistance." *Id*. The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

To establish prejudice in the context of a guilty plea, a petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have instead insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *accord Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). As the Supreme Court recently recognized:

> There are certain differences between inadequate assistance of counsel claims in cases where there was a full trial on the merits and those, like this one, where a plea was entered even before the prosecution decided upon all of the charges.…The added uncertainty that results when there is no extended, formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance. Counsel, too, faced that uncertainty. There is a most substantial burden on the claimant to show ineffective assistance.

*Premo v. Moore*, 131 S. Ct. 733, 745-46 (2011).

With regard to prejudice at sentencing, a petitioner must show a reasonable probability that he would have received a more lenient sentence but for counsel's errors. *See Glover v. United States*, 531 U.S. 198, 202–04 (2001); *United States v. Russell*, 34 F. App'x 927, 928 (4th Cir. 2002) (unpublished).

### III.   ANALYSIS

The present motion to vacate raises the following issues: (1) counsel was ineffective at the plea stage by failing to seek "safety valve" relief pursuant to 18 U.S.C. § 3553(f), (2) counsel was ineffective in allegedly misinforming Petitioner that he would receive a 24, rather than 29, month term of imprisonment, (3) counsel was ineffective at sentencing by failing to argue (at the hearing or by memorandum) that a downward variance was warranted, and (4) counsel was

6

ineffective in failing to challenge the amount of restitution owed. These issues are considered in turn below.

### A. Failure to Seek "Safety Valve" Reduction

Petitioner argues that his attorney was ineffective in failing to argue for application of the "safety valve" provision of 18 U.S.C. § 3553(f), either at sentencing or during plea negotiations. This provision allows the court to disregard a statutory minimum sentence in a limited class of drug-related cases, i.e., those involving "an offense under section 401, 404, or 406 of the Controlled Substances Act (21 U.S.C. 841, 844, 846) or section 1010 or 1013 of the Controlled Substances Import and Export Act (21 U.S.C. 960, 963)." 18 U.S.C. § 3553(f); *see also* 3 Wright *et al.* Fed. Prac. & Proc. Crim. § 543 (4th ed.) (discussing safety valve provision and its application in "certain drug cases"). Petitioner's offense of conviction did not arise under either the Controlled Substances Act or the Controlled Substances Import and Export Act, and he is therefore ineligible for safety valve relief. *See, e.g.*, *United States v. Jing Jing Chen*, 491 F. App'x 401, 402 (4th Cir. 2012) (commenting that the Section 3553(f) safety valve "applies only to controlled substance offenses").

As such, he cannot demonstrate that he was prejudiced by counsel's failure to seek this reduction. *Strickland*, 466 U.S. at 697 ("[A] court need not determine whether counsel's performance was deficient [i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice."). There is no genuine dispute of material fact as to this claim, and the undersigned recommends summary judgment in the government's favor.

7

B. <u>Misinformation Regarding Length of Sentence</u>

Petitioner next contends that counsel "misinformed" him "regarding the fact that the Court would sentence Hooper to a 24 (as opposed to 29 month) term of imprisonment" and "fail[ed] to indicate that he could be sentenced to 29 months." DE-29-1 at 4-5.

The plea agreement signed by Petitioner states that the maximum term of imprisonment on Count Two was ten years, and that the *minimum* term on Count Three was "2 years consecutive to any other sentence imposed." DE-17 at ¶ 3(a). By signing the agreement, Petitioner represented that he understood and admitted that "the sentence has not yet been determined by the Court" and that "any estimate of the sentence received from any source is not a promise." *Id.* at ¶ 3(c). Accordingly, Petitioner's argument that he was not informed that he could receive a sentence greater than 24 months is contradicted by terms of his plea agreement, and is subject to dismissal for this reason alone. *Best v. United States*, 5:08-CR-00286-FL, 2012 WL 8013885, at *8 (E.D.N.C. Apr. 20, 2012) *report and recommendation adopted*, 5:08-CR-286-FL, 2013 WL 1881028 (E.D.N.C. May 3, 2013).

More importantly, though Petitioner twice argues that counsel "misinformed" him that the court would impart a 24 month sentence, and that this advice "materially prejudiced" him, Petitioner cites nothing other than the additional 5 month period of active imprisonment in order to establish this prejudice. Yet this assertion does not meet his burden: in this context, Petitioner must demonstrate that "but for" the errors counsel allegedly committed, "he would not have pleaded guilty and would have insisted upon going to trial." *Hill*, 474 U.S. at 59. Here, Petitioner does not argue that, had counsel correctly predicted the court's sentence, he would have rejected the plea agreement and gone to trial.[2] Instead, he merely asserts that he received a

---

[2] Petitioner cites a declaration in support of his assertion that counsel misadvised him of his expected sentence, yet does not attach a declaration to any of his court papers. DE-29-1 at 4-5. He describes the declaration as "Exhibit A"

8

term of imprisonment slightly longer than counsel estimated. Even viewing the facts in the light most favorable to Petitioner, this does not suffice to establish ineffective assistance. *Id.*

In sum, there is no genuine issue of material fact as to this claim, and summary judgment in favor of the government is warranted.

    C.  <u>Failure to Seek Downward Variance</u>

Petitioner argues that counsel was ineffective in failing to argue for a downward variance. DE-29; DE-37 at 2.

Here, the 24 month consecutive sentence that Petitioner received on Count Three was required by statute. *See* 18 U.S.C. § 1028A(a)(1) & (b)(2). Petitioner appears to acknowledge that he could not have received lower than a 24 month sentence on Count Three, so his argument applies only to Count Two. On this count, Petitioner's guideline range calculation was 10 to 16 months imprisonment. DE-27. Because Petitioner's guideline range fell within "Zone C" of the relevant sentencing table, he was eligible for a split sentence of active incarceration and home confinement, and received such a sentence on the low end of the guideline range: five months imprisonment and five months home confinement. *Id.*; *see* U.S.S.G. § 5C1.1(d). Petitioner thus contends that his attorney was ineffective in failing to seek a variance below this ten-month total.

"The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Premo v. Moore*, 131 S. Ct. 733, 740 (2011) (quoting *Strickland*, 466 U.S. at 690). Here, counsel's purported failure to seek a variance would not constitute incompetence; considering the record, it would have been a reasonable strategic decision. *See Whitley v. United*

---

and a letter from the Social Security Administration as "Exhibit B," but the only attachment, the SSA letter, is labeled as "Exhibit A." *Id.* at 7.. Thus, although Petitioner characterizes his argument that counsel told him that he would "at most" receive a 24 month sentence as "uncontested sworn testimony," Petitioner has not, in fact, submitted a sworn statement to the court. DE-37 at 2.

9

*States*, 7:07-CR-142-FL, 2011 WL 2036704, at * 5 (E.D.N.C. May 24, 2011) (citing *Powell v. Kelly,* 562 F.3d 656, 670 (4th Cir. 2009) and holding that counsel's strategic decision not to seek a variance due to crack and powder cocaine disparities was a "virtually unchallengeable" strategic decision). The court had discretion regarding whether to sentence Petitioner to ten months imprisonment or to split that sentence between imprisonment and home confinement. *See* U.S.S.G. § 5C1.1. Petitioner received the benefit of that discretion, and counsel was entitled to make a reasonable professional judgment that arguing for a variance in addition to such a split would not be beneficial. *Id.*; *accord Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998) (discussing fact that decisions regarding which pre-trial motions to file is a tactical decision within the attorney's, not the client's, discretion). Petitioner therefore cannot demonstrate that counsel's conduct was objectively unreasonable. *See Strickland*, 466 U.S. at 689 ("Courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, in order to avoid the distorting effects of hindsight."); *accord Merzbacher v. Shearin*, 706 F.3d 356, 365 (4th Cir. 2013).

Additionally, Petitioner has not shown, as he must, that there is a "reasonable probability" that the result would have been different had counsel requested a variance. *See, e.g.*, *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (commenting that "neither the plain language of the guideline provision at issue nor decisional law suggested that such an argument [regarding a sentencing enhancement] had any chance of proving meritorious"); *Boney v. United States,* 2010 WL 3155163, at *4 (E.D.N.C. Aug. 4, 2010) (rejecting ineffective assistance claim where petitioner failed to show a reasonable probability the result would have been different).

In sum, there is no genuine issue of material fact as to Petitioner's variance-based

10

Case 7:12-cr-00023-FL   Document 40   Filed 04/10/14   Page 10 of 12

ineffective assistance claim, and summary judgment in the government's favor is warranted.

      D. <u>Failure to Challenge Restitution</u>

Petitioner contends that his attorney was ineffective in failing to assert "prior to and during" the sentencing hearing that the government's loss and restitution figures were erroneous. DE-29-1 at 5. In support of this claim, he cites a letter from the Social Security Administration stating that he was overpaid in the total of $68,904.50, in contrast to the $97,345.00 in restitution that was imposed. DE-29-1 at 7.[3] Petitioner thus argues that he was prejudiced by the government's "greatly inflated restitution obligation." *Id.*

      Petitioner, however, agreed as part of his plea agreement to "make restitution to the Social Security Administration in the amount of $97,345.00." DE-17, ¶ 2(c).[4] A plea agreement operates much like any other contract, and "[i]f a defendant does not perform his obligation under the contract, then the agreement is given no force and the Government is relieved of any obligation it may have had under that agreement." *United States v. Wells*, 881 F.2d 1070, 1989 WL 87657, at *2 (4th Cir. Jul 26, 1989) (citing *United States v. Simmons,* 537 F.2d 1260, 1261 (4th Cir. 1976)); *see also United States v. Gerant*, 775 F. Supp. 182, 186 (D. Md. 1991) *aff'd,* 995 F.2d 505 (4th Cir. 1993) ("A defendant's failure to fulfill the terms of a pretrial agreement relieves the government of its reciprocal obligations under the agreement.").

      Thus, had counsel objected to the agreed-upon restitution amount before the court, the government could have argued that the plea agreement had been breached, and sought to be relieved of its own obligations under the agreement. *See, e.g.*, *United States v. Crawley*, 321 F. App'x 310, 313 (4th Cir. 2009) (discussing government's obligations when arguing that a

---

[3] In response to Petitioner's exhibit from the Social Security Administration, the government submits a document detailing the total overpayments for all claimants, including not only Petitioner but his children. DE-38-1. This totals $97,345.00, not $68,904.50. *Id.*

[4] The PSR likewise specifically cites this figure as calculated by the SSA Operations Support Branch. DE-20, ¶ 9.

11

defendant has breached a plea agreement). Petitioner cannot therefore plausibly satisfy either prong of *Strickland*. *See Brown v. United States*, 3:08CV397, 2010 WL 3607893, at *6 (W.D.N.C. Sept. 13, 2010) (rejecting ineffective assistance claim in similar circumstances and commenting that "had counsel objected to the restitution ordered by the Court, Petitioner would have breached the plea agreement").

To the extent that Petitioner's claim encompasses a direct challenge to the amount of restitution, rather than an ineffective assistance of counsel claim, it is procedurally barred. First, such a claim falls within the scope of Petitioner's appeal waiver. *See* DE-17 at ¶ 2(c). Secondly, Petitioner did not raise this issue on direct appeal, and he has neither alleged nor demonstrated cause or prejudice for his procedural default. *See United States v. Fugit*, 703 F.3d 248, 253 (4th Cir. 2012); *Massaro v. United States*, 538 U.S. 500, 504 (2003).

In sum, no genuine issue of material fact exists with respect to Petitioner's challenge to his restitution, and summary judgment is appropriate.

## IV. CONCLUSION

For the reasons stated above, there is no genuine dispute as to any fact material to Petitioner's claims, and the Government is entitled to summary judgment. The undersigned therefore RECOMMENDS that Petitioner's motion to vacate (DE-29), as corrected, (DE-32) be DENIED, and that the government's motion for summary judgment (DE-34) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, April 10, 2014.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE